SEDGWICK LLP
ANTHONY J. ANSCOMBE, State Bar No. 135883
*anthony.anscombe@sedgwicklaw.com*
ALEXANDER A. GUNEY, State Bar No. 308192
*alexander.guney@sedgwicklaw.com*
333 Bush Street 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Fax: 877.547.2780

SEDGWICK LLP
KAREN WOODWARD, State Bar No. 205543
*karen.woodward@sedgwicklaw.com*
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone: 213.426.6900
Fax: 877.547.6580

Attorneys for Defendant
JELLY BELLY CANDY COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA GOMEZ, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>JELLY BELLY CANDY COMPANY and DOES 1-25, Inclusive,<br><br>        Defendants. | Case No. 17-cv-00575-CJC (FFMx)<br><br>[Assigned to Judge Cormac J. Carney – Courtroom 9B]<br><br>**DEFENDANT JELLY BELLY CANDY COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE**<br><br>Action Filed:       February 22, 2017<br>Action Removed:   March 24, 2017<br>Original Response Date: March 31,2017<br>New Response Date: April 21, 2017 |

84506232v3

---

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 12, 2017 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9B of the above-entitled Court, at 411 W. Fourth St., Santa Ana, CA 92701, Defendant Jelly Belly Candy Company ("JBCC" or "Defendant") will and hereby does move for an order to dismiss the Complaint filed by Plaintiff Jessica Gomez ("Ms. Gomez" or "Plaintiff") pursuant to Rules 8, 9(b), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure.  This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 11, 2017.

Plaintiff's Complaint should be dismissed for failure to state a claim under Rule 12(b)(6), because Plaintiff fails to allege facts showing that reasonable consumers would be misled by the challenged-labeling, or that the challenged-labeling is material to reasonable consumers.  In the alternative, Plaintiff's allegations regarding advertising by JBCC should be stricken under Rule 12(f) because they are immaterial and impertinent to the claims at issue, and fail to satisfy Rule 9(b)'s pleading standard.  The Court should also strike Plaintiff's allegations about injunctive relief, because Plaintiff faces no risk of being misled in the future.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in Support of the Motion, and exhibits thereto, as well as all other matters that may be judicially noticed or introduced at the hearing of this matter.

DATED:  April 21, 2017          SEDGWICK LLP


By:    /s/ Anthony Anscombe
ANTHONY J. ANSCOMBE
Attorneys for Defendant
JELLY BELLY CANDY COMPANY

84506232v3

-1-

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ....................................................................................... 1

II.     PLAINTIFF'S COMPLAINT ..................................................................... 1

        A.      Plaintiff's Allegations ..................................................................... 1

        B.      Sport Beans ..................................................................................... 2

        C.      What the Complaint Does Not Allege .............................................. 4

III.    RELEVANT PLEADING STANDARDS ..................................................... 4

        A.      Rule 12(b)(6) ................................................................................... 4

        B.      Rule 9(b) .......................................................................................... 5

IV.     ARGUMENT ............................................................................................... 6

        A.      Plaintiff's Complaint Should Be Dismissed Pursuant to
                Rule 12(b)(6) ................................................................................... 6

                1.      The Court May Dismiss a Complaint Where It Is Clear
                        That Reasonable Consumers, Targeted by the
                        Advertisement, Would Not Be Deceived ................................ 6

                2.      Reasonable Athletes Would Not Be Deceived About Sugar
                        Content, or About the Nature of This Product ....................... 7

                3.      Plaintiff Fails to Allege that "Evaporated Cane Juice"
                        Is Material to a Reasonable Consumer .................................. 9

                4.      Plaintiff's Allegations of Regulatory Violations and
                        FDA's Interpretations Do Not State a Claim ........................ 10

        B.      Alternatively, Plaintiff's Allegations Regarding the Challenged
                Advertising Should Be Stricken ...................................................... 12

                1.      Rule 12(f) Permits the Court to Strike Immaterial and
                        Impertinent Material ............................................................ 12

                2.      The Complaint Fails to Meet the Specificity Requirements
                        of Rule 9(b) .......................................................................... 12

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

3.      Plaintiff Lacks Standing to Seek Injunctive Relief ................... 13

V.      CONCLUSION ........................................................................ 14

84506232v3

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>CASES</u>

4

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ...................................................................................4

5

6

*Bates v. United Parcel Serv., Inc.*
    511 F.3d 974 (9th Cir. 2007)....................................................................13

7

8

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ...............................................................................4, 5

9

10

*Bly-Magee v. California*
    236 F.3d 1014 (9th Cir. 2001)..............................................................5, 12

11

12

*Brockey v. Moore*
    107 Cal. App. 4th 86 (2003) ......................................................................6

13

14

*Bruno v. Quten Research Inst., LLC*
    280 F.R.D. 524 (C.D. Cal. 2011) ...............................................................9

15

16

*Christensen v. Harris County*
    529 U.S. 576 (2000) .................................................................................12

17

*Colgan v. Leatherman Tool Group, Inc.*
    135 Cal. App. 4th 663 (2006) ....................................................................6

18

19

*Cover v. Windsor Surry Co.*
    2016 WL 520991 (N.D. Cal. Feb. 10, 2016)...........................................14

20

21

*Duran v. Hampton Creek*
    2016 WL 1191685 (N.D. Cal. Mar. 28, 2016).........................................14

22

23

*Ebner v. Fresh, Inc.*
    838 F.3d 958 (9th Cir. 2016)...........................................................6, 7, 10

24

*Engalla v. Permanente Medical Group, Inc.*
    15 Cal.4th 951 (1997)...............................................................................10

25

26

*Gest v. Bradbury*
    443 F.3d 1177 (9th Cir. 2006)..................................................................13

27

28

*Hadley v. Kellogg Sales Co.*
    2017 WL 1065293 (N.D. Cal. Mar. 21, 2017)...........................................7

84506232v3

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

Sedgwick LLP

*Hairston v. S. Beach Beverage Co.*
   2012 WL 1893818 (C.D. Cal. May 18, 2012) .................................................8

*Hill v. Roll Int'l Corp.*
   195 Cal. App. 4th 1295 (2011)...................................................................6

*In re iPhone 4s Consumer Litig.*
   637 F. App'x 414 (9th Cir. 2016) ...............................................................5

*In re Stac. Elecs. Sec. Litig.*
   89 F.3d 1399 (9th Cir. 1996).....................................................................5

*In re Tobacco II Cases*
   46 Cal.4th 298 (2009)...............................................................................9

*In re Vioxx Class Cases*
   180 Cal. App. 4th 116 (2009).....................................................................7

*In re: First Am. Home Buyers Prot. Corp. Class Action Litig.*
   313 F.R.D. 578 (S.D. Cal. 2016) ...............................................................14

*Kearns v. Ford Motor Company*
   567 F.3d 1120 (9th Cir. 2009)...................................................................5

*Khasin v. R. C. Bigelow, Inc.*
   2016 WL 1213767 (N.D. Cal. Mar. 29, 2016)..........................................14

*Knievel v. ESPN*
   393 F.3d 1068 (9th Cir. 2005)...................................................................3

*Kwikset Corp. v. Superior Court*
   51 Cal.4th 310 (2011)...............................................................................9

*Lavie v. Procter & Gamble Co.*
   105 Cal. App. 4th 496 (2003).....................................................................6

*Luman v. Theismann*
   647 F. App'x 804 (9th Cir. 2016)...............................................................13

*Makaeff v. Trump Univ., LLC*
   145 F. Supp. 3d 962 (S.D. Cal. 2015) .......................................................14

*McCrary v. Elations Co., LLC*
   2013 U.S. Dist. LEXIS 173591 (C.D. Cal. Apr. 24, 2013)...........................3

*McKinniss v. Kellogg USA*
   2007 U.S. Dist. LEXIS 96106 (C.D. Cal. Sept. 19, 2007)...................6, 7, 8, 9

-iv-

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

*McKinniss v. Sunny Delight Beverages Co.*
    2007 WL 4766525 (C.D. Cal. Sept. 4, 2007)..................................................8

*McMillan v. Lowe's Home Centers, LLC*
    2016 WL 2346941 (E.D. Cal. May 4, 2016)................................................14

*Morgan v. Wallaby Yogurt Company, Inc.*
    2013 WL 5514563 (N.D. Cal. Oct. 4, 2013)................................................8

*Neubronner v. Milken*
    6 F.3d 666 (9th Cir. 1993) ...........................................................................5

*Odom v. Microsoft Corp.*
    486 F.3d 541 (9th Cir. 2007)........................................................................5

*Perez v. Nidek Co.*
    711 F.3d 1109 (9th Cir. 2013) .............................................................10, 13

*Phillips v. Apple Inc.*
    2016 WL 1579693 (N.D. Cal. Apr. 19, 2016) ...........................................14

*POM Wonderful LLC v. Coca-Cola Co.*
    134 S. Ct. 2228 (2014) ...............................................................................11

*Pratt v. Whole Foods Market California, Inc.*
    2014 WL 1324288 (N.D. Cal. Mar. 31, 2014)....................................10, 11

*Rahman v. Mott's LLP*
    2014 WL 5282106 (N.D. Cal. Oct. 15, 2014)............................................14

*RDF Media Ltd. v. Fox Broad. Co.*
    372 F. Supp. 2d 556 (C.D. Cal. 2005).......................................................12

*Sidney-Vinstein v. A.H. Robins Co.*
    697 F.2d 880 (9th Cir. 1983) .....................................................................12

*Strumlauf v. Starbucks Corp.*
    192 F. Supp. 3d 1025 (N.D. Cal. 2016) ....................................................13

*Sugawara v. Pepsico, Inc.*
    2009 WL 1439115 (E.D. Cal. May 21, 2009)..............................................7

*Swartz v. KPMG LLP*
    476 F.3d 756 (9th Cir. 2007) .....................................................................13

*United States v. El-O-Pathic Pharmacy*
    192 F.2d 62 (9th Cir. 1951) .........................................................................6

84506232v3

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

Sedgwick LLP

*Vess v. Ciba–Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ................................................................. 5, 13

*Videtto v. Kellogg USA*
    2009 WL 1439086 (E.D. Cal. May 21, 2009) ........................................... 7

*Warbel v. Pepsico, Inc.*
    2010 WL 2673860 (N.D. Cal. July 2, 2010) ............................................. 7

*Werdebaugh v. Blue Diamond Growers*
    2014 U.S. Dist. LEXIS 71575 (N.D. Cal. May 23, 2014) ........................ 9

*Yumul v. Smart Balance, Inc.*
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) .................................................... 7

## STATUTES

21 C.F.R. § 101.9 ....................................................................................................... 8

Fed. R. Civ. P. 8 ........................................................................................................ 7

Fed. R. Civ. P. 9(b) ......................................................................................... 5, 7, 12

Fed. R. Civ. P. 12(b)(6) .............................................................................. 1, 4, 6, 12

Fed. R. Civ. P. 12(f) ......................................................................................... 1, 12

Fed. R. Civ. P. 12(g) ................................................................................................ 1

## OTHER AUTHORITIES

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 1216 (3d ed. 2004) .................................................................................. 5

*Sugar*, Merriam-Webster.com (last accessed April 20, 2017) ................................ 4

U.S. Food and Drug Administration, "Ingredients Declared as Evaporated
    Cane Juice: Guidance for Industry," (May 2016) .................................... 2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Plaintiff Jessica Gomez predicates her action a reflexive assertion that the term "evaporated cane juice" ("ECJ") in the list of ingredients of her Jelly Belly Sport Beans misled her, and caused her to buy a product she would not otherwise have purchased.  This is nonsense.  No reasonable consumer could have been deceived by Sport Beans' labeling—Gomez could not have seen "evaporated cane juice" without also seeing the product's sugar content on its Nutrition Facts panel.  And she has pled no facts to suggest that athletes, who consume this product to sustain intense exercise, would want to avoid sugar rather than affirmatively seek it.  Gomez has not come even remotely close to stating a plausible claim against Jelly Belly Candy Company ("JBCC").  Pursuant to Federal Rule of Civil Procedure 12(g), Defendant JBCC respectfully request this Court dismiss Plaintiff's Complaint under Rule 12(b)(6) or, in the alternative, strike allegations under Rule 12(f) regarding Sport Beans' advertising and plaintiff's claim for injunctive relief.

**II.    PLAINTIFF'S COMPLAINT**

**A.    Plaintiff's Allegations**

At some unidentified point in time, Ms. Gomez bought some Sport Beans made by the Jelly Belly Candy Company.  Her CLRA letter does not identify Ms. Gomez by name, and neither it nor her Complaint state where, when or how many packs of Sport Beans she purchased.  (*See* Complaint, Exhibit B.)  The Complaint does not identify the size of package, flavor or the variety of Sport Beans she bought, and does not allege that she even consumed them.  She claims that she bought the product because its list of ingredients showed "evaporated cane juice." She does not explain why this mattered to her.  She faults JBCC for not disclosing that ECJ was sugar, and suggests that she actually thought it was juice.  (*See, e.g.*, Complaint, ¶¶ 1, 20.)  She does not disclose when or how she learned that ECJ is sugar.  She claims to have seen advertising for Sport Beans, but does not identify

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

its content, where she saw it, when, or why it mattered to her.  Beyond a few conclusory factual assertions in the first paragraph of her Complaint, she makes all of her remaining allegations "on information and belief."  (Complaint, ¶2)  Ms. Gomez appears to have lent her name to this formulaic Complaint, but has shared absolutely nothing to suggest that she actually made a real-life decision to buy this product.

Plaintiff makes a number of allegations derived from nonbinding guidance released by FDA in May, 2016, indicating that FDA does not currently interpret "evaporated cane juice" as the "common or usual name" of sweeteners derived from liquid extracts of sugar cane, and stating that this ingredient should be called "sugar."  (*See, e.g.*, Complaint ¶¶ 16, 18, and Ex. B at p. 2.)  This policy also provides:

> This guidance represents the current thinking of the Food and Drug Administration…on this topic.  It does not establish any rights for any person and is not binding of FDA or the public.[1]

Ms. Gomez purports to bring claims for negligent misrepresentation, violation of the CLRA, violation of the UCL, and violation of the FAL.  She seeks to represent a putative nationwide class of Sport Bean purchasers.  She seeks damages, restitutionary disgorgement, and injunctive relief.

**B.   Sport Beans**

Plaintiff alleges that JBCC markets Sport Beans as "quick energy for sports performance," and that its packaging highlights its carbohydrate, electrolyte and vitamin content.  (Complaint, ¶ 10.)  She notes that the ingredient list discloses the presence of ECJ, but does not list any other "commonly known sugar."  *Id.*

---

[1]  U.S. Food and Drug Administration, "Ingredients Declared as Evaporated Cane Juice: Guidance for Industry," p. 3 (May 2016) *available at*: https://www.fda.gov/downloads/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/UCM502679.pdf (accessed on April 21, 2017)

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

Sedgwick LLP

1 She states that the label does not explain that ECJ is sugar, not juice.  *Id.*

2 She contends that JBCC uses the term to suggest that the product has "healthy

3 characteristics," and that a pack of Sport Beans costs $5.00.  (Complaint, ¶¶ 19, 21.)

4 She also claims that by using the term ECJ that JBCC "is able to deceive customers,

5 including Plaintiff, regarding the basic nature of the product and its contents."

6 (Complaint, "Introduction.")

7      JBCC attaches hereto photographs of the packaging for two varieties of Sport

8 Beans, regular and "extreme," which are distinguished only by the presence of

9 caffeine in the "extreme" variety.[2]  The front label of these 1 oz. packages discloses

10 that they are "energizing jelly beans," that they provide "QUICK ENERGY for

11 sports performance," and feature "Carbs," "Electrolytes," and "Vitamins B & C."

12      The reverse label provides instructions for use:

13
14     Energize with one pack 30 min. before activity.  Use additional beans as needed during activity to sustain energy

15     level.  Replenish with one pack after activity.  Always consume with water.  Not recommended for children, teens

16     or pregnant or nursing women.

17      Another section of the back label describes how the product supports sports

18 performance, with statements like "Carbohydrates to fuel your body during intense

19 activity" and "Electrolytes (sodium and potassium) vital for maintaining fluid

20 balance."

21      A list of ingredients appears at the bottom of the back panel, showing the first

22 three ingredients as: "Evaporated cane juice, tapioca syrup, cherry juice from

23 concentrate."  Also on the back panel, in close proximity to the ingredients, appears

24

25 [2] JBCC requests this Court take judicial notice of labels from Sport Beans, as they appeared during

26 the relevant timeframe, attached hereto as Exhibit A.  *McCrary v. Elations Co., LLC*, No. 13-cv-0242 JGB, 2013 U.S. Dist. LEXIS 173591, at *6-*7 (C.D. Cal. Apr. 24, 2013) ("The Court can

27 consider the labels under the incorporation by reference doctrine because Plaintiff relied on the labels in the FAC and does not challenge their authenticity.") (citing *Knievel v. ESPN*, 393 F.3d

28 1068, 1076 (9th Cir. 2005)).

84506232v3

-3-

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

Sedgwick LLP

1   a prominent "Nutrition Facts" statement.  It informs consumers that the 100 calorie

2   pack has a "Total Carb" content of 25g, including "**Sugars 17g**." (emphasis added.)

3   ## C.   What the Complaint Does Not Allege

4   Plaintiff does not claim that she expected a sugar-free product, or that the

5   Sport Beans did not fuel her workout.  She does not contend that sugar is not a

6   carbohydrate.  (It is.[3])  Plaintiff does not purport to have read any portion of Title 21

7   of the Code of Federal Regulations.  She does not profess any knowledge of how it

8   defines "juice" or "sugar."

9   Gomez does not allege that she is an athlete, and makes no allegations as to

10   what an athlete would want or expect in a sports energy product.  She does not

11   allege that an athlete would not know that sugar comes from "cane," or that an

12   athlete would fail to recognize "evaporated cane juice" as a sweetener.  She does not

13   explain why the presence or absence of "juice" would matter to an athlete.  She does

14   not acknowledge that the very next ingredient on the label contained the word

15   "syrup."  She does not explain why sugar would be unhealthy, or undesirable, in a

16   product used to support intense exercise.  Plaintiff also does not explain why an

17   athlete—or anyone—would be surprised to find sugar in a product described as

18   "Jelly Beans."

19   ## III.   RELEVANT PLEADING STANDARDS

20   ### A.   Rule 12(b)(6)

21   A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

22   tests the legal sufficiency of the claims asserted in a complaint.  FED. R. CIV. P.

23   12(b)(6).  In order to survive a Rule 12(b)(6) motion, a complaint must contain

24   

25   [3] Merriam-Webster defines "sugar" as "a sweet crystallizable material that consists wholly or
essentially of sucrose, is colorless or white when pure tending to brown when less refined, is

26   obtained commercially from sugarcane or sugar beet and less extensively from sorghum, maples,
and palms, *and is important as a source of dietary carbohydrate* and as a sweetener and

27   preservative of other foods."  *Sugar*, Merriam-Webster.com (last accessed April 20, 2017)
(emphasis added).

28   84506232v3

Sedgwick LLP

-4-

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

1  sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

2  on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*

3  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough

4  to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555

5  (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

6  § 1216 (3d ed. 2004) (stating that the pleading must contain something more than

7  "a statement of facts that merely creates a suspicion [of] a legally cognizable right of

8  action."")).  Although a court must accept as true all allegations of material fact,

9  "[c]onclusory allegations of law and unwarranted inferences are insufficient to

10  defeat a motion to dismiss for failure to state a claim." *In re Stac. Elecs. Sec. Litig.*,

11  89 F.3d 1399, 1403 (9th Cir. 1996) (citations omitted).

12      **B.**    <u>**Rule 9(b)**</u>

13         Additionally, where claims allege a "unified course of fraudulent conduct and

14  rely entirely on that course of conduct as the basis of that claim, …the claim is said

15  to be 'grounded in fraud' or to 'sound in fraud,' and the pleading…as a whole must

16  satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Company*,

17  567 F.3d 1120, 1125-26 (9th Cir. 2009).  Rule 9(b) serves to give notice to the

18  defendant of the specific fraudulent conduct against which it must defend.

19  *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).  Rule 9(b) requires

20  that a plaintiff state with particularity the circumstances constituting fraud, including

21  "the time, place and specific content of the false representations…." *Odom v.*

22  *Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).  A plaintiff alleging fraud "must

23  set forth *more* than the neutral facts necessary to identify the transaction.  The

24  plaintiff must set forth what is false or misleading about a statement, and why it is

25  false." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see*

26  *also In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir. 2016);

27  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[A] plaintiff who makes

28  allegations on information and belief must state the factual basis for the belief.").

Sedgwick<sub>LLP</sub>

IV. **ARGUMENT**

    A.   **Plaintiff's Complaint Should Be Dismissed Pursuant to Rule 12(b)(6)**

        1.   **The Court May Dismiss a Complaint Where It Is Clear That Reasonable Consumers, Targeted by the Advertisement, Would Not Be Deceived**

    To state a claim under the fraud-based theories set forth in the Complaint, Plaintiff must plausibly allege that the advertising is likely to deceive a reasonable consumer. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (finding the "reasonable consumer" standard controls false advertising claims brought under UCL, FAL, and CLRA); *McKinniss v. Kellogg USA*, No. 07-cv-2611 ABC, 2007 U.S. Dist. LEXIS 96106, *14-15 (C.D. Cal. Sept. 19, 2007) (applying reasonable consumer standard to claim for negligent misrepresentation).[4] The primary evidence in a case alleging a misleading statement on product packing is the packaging itself. *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 679 (2006) (quoting *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003)).

    "Likely to deceive" requires more than a mere possibility; a plaintiff must establish a probability "that a significant portion of the general consuming public or *of targeted consumers*, acting reasonably under the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) (emphasis added). The relevant population for determining the probability of deception is not the "least sophisticated consumer" nor an "unwary consumer," but rather, "[t]he law

---

[4] In paragraph 14 of the complaint, Plaintiff cites to an inapposite case for the proposition that a "misleading" statement "is judged in reference to 'the ignorant, the unthinking, the credulous, who when making a purchase, do not stop to analyze." *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 75 (9th Cir. 1951). *El-O-Pathic Pharmacy* does not apply in the instant case, because it dealt with the labeling of prescription drugs under the Federal Food, Drug, and Cosmetic Act of 1938, and not California consumer protection laws.

Sedgwick LLP

focuses on a reasonable consumer *who is a member of the target population*."
*Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010) (quoting
*In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009)) (emphasis added);
*see also, e.g.*, *Ebner v. Fresh, Inc.*, 838 F.3d at 967 (holding that, in the market for
high-end cosmetics, consumers would not find lip balm packaging deceptive, even
though 25% of the product could not be used).

"[W]here a court can conclude as a matter of law that members of the public
are not likely to be deceived by the product packaging, dismissal is appropriate."
*Warbel v. Pepsico, Inc.*, No. 09-cv-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal.
July 2, 2010).[5]

## 2. Reasonable Athletes Would Not Be Deceived About Sugar Content, or About the Nature of This Product

Here, the target population for Sport Beans is athletes who want
carbohydrates and electrolytes to fuel their workout.  Plaintiff's Complaint rests on
the irrational and unfounded premise that reasonable athletes (a population as to
which Ms. Gomez betrays no evident familiarity) believe Sport Beans do not
contain sugar, and are duped into misunderstanding the nature of this product
because "evaporated cane juice" appears in the list of ingredients.  This is simply
not plausible.[6]

---

[5] *See also Sugawara v. Pepsico, Inc.*, No. 08-cv-01335 MCE, 2009 WL 1439115, at *3-*4
(E.D. Cal. May 21, 2009) (finding that the packaging for Cap'n Crunch cereal and its use [of] the
term "Crunch Berries" was not misleading); *Videtto v. Kellogg USA*, No. 08-cv-01324 MCE, 2009
WL 1439086, at *2 (E.D. Cal. May 21, 2009) (dismissing UCL, FAL and CLRA claims based on
allegations that consumers were misled into believing that "Froot Loops" cereal contained "real,
nutritious fruit"); *McKinniss v. Kellogg USA*, No. 07-cv-2611 ABC, 2007 U.S. Dist. LEXIS
96109, at *13 (C.D. Cal. Sept. 19, 2007) (same).

[6] Plaintiff's Complaint does not meet the basic pleading standards of Rule 8.  Much less does it
meet the specific pleading requirements of Rule 9(b).  *See, e.g.*, *Hadley v. Kellogg Sales Co.*,
No. 16-cv-04955 LHK, 2017 WL 1065293, at *15 (N.D. Cal. Mar. 21, 2017) (dismissing UCL,
FAL, and CLRA claims pursuant to Rule 9(b), because "'Plaintiff[] must connect the dots
showing how the alleged misbranding misled plaintiffs in a way that a reasonable consumer would
be deceived.' Thus, Plaintiff must do more than simply state that the claim at issue violated

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

Sedgwick LLP

1   First, the Sport Beans' packaging clearly and conspicuously discloses the
2   product's sugar content.  The Nutrition Facts panel, in close proximity to the
3   ingredient list, plainly displays the product's total sugar content.  Indeed, someone
4   who reads from top to bottom, as most people usually do, will see the sugar content
5   before they ever reach the list of ingredients.  And it passes credulity that anyone
6   who apparently cares so very much to avoid sugar would read the list of ingredients
7   but ignore the Nutrition Facts panel.  *Morgan v. Wallaby Yogurt Company, Inc.*,
8   No. 13-cv-00296 WHO, 2013 WL 5514563, at *8 (N.D. Cal. Oct. 4, 2013)
9   (explaining that plaintiffs' claims that they would not have purchased the products
10  had they known they contained sugar or dried cane syrup "is contradicted by the fact
11  that the plaintiff nonetheless purchased the products despite the fact that the sugar
12  content is listed right next to the ingredient list").  The FDA has required the
13  Nutrition Facts panel since the early 1990s, *see* 21 C.F.R. § 101.9, and reasonable
14  consumers, in reviewing the back panel, surely do not ignore this FDA-required
15  information.  *McKinniss v. Sunny Delight Beverages Co.*, 07-cv-02034 RGK, 2007
16  WL 4766525, at *4 (C.D. Cal. Sept. 4, 2007) ("Nutritional labels have long been
17  required on food products and are familiar to almost every reasonable consumer.");
18  *McKinniss v. Kellogg USA*, 2007 U.S. Dist. LEXIS 96106, at *13 ("Plaintiffs cannot
19  claim surprise over these labels, which have long been required on food products
20  and are familiar to a reasonable consumer.").
21  That Ms. Gomez was assiduously selective in what she looked at is not the
22  behavior expected of a reasonable consumer.  *Hairston v. S. Beach Beverage Co.*,
23  No. 12-cv-1429 JFW, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012)
24  ("The Court concludes that Plaintiff's selective interpretation of individual words or
25  phrases from a product's labeling cannot support a CLRA, FAL, or UCL claim.").
26
27  _____
28  [federal law].").
84506232v3

-8-

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

Beyond this obvious, fatal flaw in her pleading, Plaintiff has also pled no facts to support her conclusory assertion that the term ECJ misled consumers "about the nature of this product."  Sport Beans' packaging and instructions make very clear that it is a product intended to provide energy to athletes while they workout.  JBCC never represented it to be sugar-free and was clearly selling jelly beans, not "juice."  Sugar is a simple carbohydrate, and a source of quick energy.  Plaintiff has pointed to no inconsistency between ECJ and sugar as an ingredient, or the athletic purpose for which this was marketed.  No reasonable consumer, looking at this package, could have had any misunderstanding as to what this product was about.

### 3.    Plaintiff Fails to Allege that "Evaporated Cane Juice" Is Material to a Reasonable Consumer

California courts recognize "that an injury exists under the UCL, FAL, and CLRA where a consumer has purchased a product that is marketed with a material misrepresentation, that is, in a manner such that 'members of the public are likely to be deceived.'"  *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 535 (C.D. Cal. 2011) (quoting *In re Tobacco II Cases*, 46 Cal.4th 298, 312 (2009)).  "A plaintiff can establish that a misrepresentation is material and thus violative of the consumer protection laws at issue … by showing that 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.'"  *Werdebaugh v. Blue Diamond Growers*, No. 12-cv-2724 LHK, 2014 U.S. Dist. LEXIS 71575, at *44-45 (N.D. Cal. May 23, 2014); *see also McKinniss v. Kellogg USA*, 2007 U.S. Dist. LEXIS 96106, at *14 (dismissing a negligent misrepresentation claim under the reasonable consumer standard).  "A misrepresentation is judged to be 'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction.'"  *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 332 (2011) (citations omitted).  Where the "fact misrepresented is so obviously unimportant to that the jury could not reasonably find that a reasonable man would have been

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

1 influenced by it," a court may find that such allegations insufficient as a matter of

2 law. *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 977 (1997).

3     Here, even if this Court were to credit Ms. Gomez's incredible assertion that

4 she bought this product *because* it contained ECJ, she has alleged no facts to show

5 why a reasonable athlete would attach any importance to the term "evaporated cane

6 juice," or to the absence of the word "sugar" in the ingredient list. With respect to

7 the target population, Plaintiff has said absolutely nothing to establish the

8 materiality of the allegedly deceptive term. Why would an athlete, looking for

9 calories, want to avoid sugar? Why would an athlete, believing that she was buying

10 jelly beans, expect juice? The Complaint provides no answer.

11               **4.      Plaintiff's Allegations of Regulatory Violations and FDA's**

12                      **Interpretations Do Not State a Claim**

13     Plaintiff's allegations regarding deceptiveness rest in large part on her

14 argument that FDA regards the term ECJ as violative of its regulations, and that

15 products listing ECJ are misbranded. (Complaint, ¶¶ 13-19.) These allegations do

16 not state a claim.

17     As an initial matter, not every alleged regulatory violation, *ipso facto*, serves

18 as the basis for a claim under California's consumer protection laws. *Perez v. Nidek*

19 *Co.*, 711 F.3d 1109, 1119-20 (9th Cir. 2013) (rejecting "the proposition that any

20 violation of the FDCA will support a state-law claim") (internal quotations and

21 citations omitted); *Pratt v. Whole Foods Market California, Inc.*, No. 12-cv-05652

22 EJD, 2014 WL 1324288, at *8 (N.D. Cal. Mar. 31, 2014) ("Plaintiff cannot

23 circumvent the reliance requirement by simply pointing to a regulation or code

24 provision that was violated by the alleged label misrepresentation, summarily

25 claiming that the product is illegal to sell and therefore negating the need to plead

26 reliance.") Rather, a Plaintiff must plead facts showing that the allegedly unlawful

27 conduct would be material to consumers and cause actual deception. *See, e.g.,*

28 *Ebner v. Fresh, Inc.*, 838 F.3d at 967-968 (holding alleged violations of California's

84506232v3

-10-

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

1   Sherman Act and Fair Packaging and Labeling Act did not support a claim that

2   packaging was deceptive, because reasonable consumers for high-end lip balm

3   product would understand that some portion of the product in the tube could not be

4   used); *Pratt v. Whole Foods Mkt. Cal., Inc.*, No. 12-cv-05652 EJD, 2014 U.S. Dist.

5   LEXIS 46409, at *26 (N.D. Cal. Mar. 31, 2014) ("[U]nder the 'unlawful' prong of

6   the UCL, a plaintiff must plead reliance when claims are premised on allegedly

7   deceptive advertising.").  For all of the reasons stated above, Ms. Gomez has not

8   pled facts to show that the Sport Beans' label, even if contrary to a nonbinding FDA

9   recommendation, would deceive the relevant population of consumers.

10       Moreover, that FDA might, as a policy matter, construe its regulations to

11   prohibit the term "ECJ" does not mean that the term, as used here, deceived or

12   harmed anyone.  Plaintiff is not the FDA, and has pled no familiarity with its

13   regulations, its definitions, and she does not purport to have read its policy statement

14   entitled "Ingredients Declared as Evaporated Cane Juice: Guidance for Industry,"

15   (May 2016).  Plaintiff cannot claim that FDA's regulations or interpretations colored

16   her own expectations of Sport Beans.

17       And there is an even more fundamental problem with Ms. Gomez's reliance

18   on FDA's interpretations: FDA does not have special expertise in understanding

19   consumer behavior, and its nonbinding guidance for industry does not merit special

20   deference.  The U.S Supreme Court has recently noted that FDA's focus is public

21   health and safety, in contrast to the protection of economic interests from unfair

22   competition. *POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2237-40

23   (2014) (explaining that label images authorized by FDA regulations do not preclude

24   Lanham litigation, as competitors will have a more accurate understanding of

25   consumer behavior and deception than FDA, such that compliance with FDA

26   regulations does not establish a lack of consumer deception).  The Court has further

27   held that agency policy statements, enforcement guidelines and similar agency

28

84506232v3

-11-

1  pronouncements, do not merit more deference than their underlying logic warrants.

2  *Christensen v. Harris County*, 529 U.S. 576, 587 (2000).

3       Simply put, that FDA has suggested in nonbinding guidance that some

4  consumers, under some circumstances, might not understand what ECJ is, does not

5  mean that reasonable members of the target population for this product were likely

6  to be misled.

7       **B.**    **Alternatively, Plaintiff's Allegations Regarding the Challenged**

8                **Advertising Should Be Stricken**

9          **1.**    **Rule 12(f) Permits the Court to Strike Immaterial and**

10                **Impertinent Material**

11       For all of the reasons stated above, this Court should dismiss Plaintiff's claim

12  pursuant to Rule 12(b)(6).  In the alternative, however, the Court should strike select

13  portions of the Complaint pursuant to Fed. R. Civ. P. 12(f), under which "a court

14  may strike from a pleading…any redundant, immaterial, impertinent, or scandalous

15  material." FED. R. CIV. P. 12(f).  The purpose of a Rule 12(f) motion "is to avoid the

16  expenditure of time and money that must arise from litigating spurious issues by

17  dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*,

18  697 F.2d 880, 885 (9th Cir. 1983).  A motion to strike may be granted where the

19  court is "convinced that there are no questions of fact, that any questions of law are

20  clear and not in dispute, and that under no set of circumstances could the claim or

21  defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561

22  (C.D. Cal. 2005).

23          **2.**    **The Complaint Fails to Meet the Specificity Requirements**

24                **of Rule 9(b)**

25       Plaintiff purports to have seen and relied upon "advertising" by JBCC

26  regarding Sport Beans, but she has said nothing as to where, when, or what it said.

27  Under Rule 9(b), a Complaint must set forth allegations of fraud with enough

28  specificity to give defendant notice of the particular misconduct.  *Bly-Magee v.*

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

Sedgwick LLP

1    *California*, 236 F.3d 1014, 1019 (9th Cir. 2001).  Plaintiff must allege facts setting

2    forth "'the who, what, when, where and how' of the misconduct charged."

3    *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Swartz v.*

4    *KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Plaintiff has not even made a

5    pretense at providing these details as to the advertising she allegedly saw.

6    Therefore, her allegations about advertising should be stricken.  (*See, e.g.*,

7    Complaint, "Introduction," and ¶¶ 1 ("Prior to purchasing Defendant's product,

8    Plaintiff reviewed and relied upon Defendant's advertising…"),

9    2 ("Defendant…is the company that created and/or authorized the false, misleading,

10   and deceptive advertisements…"), 10, 19, 21, 32, 50, 51, 53, 59, and 60.)

### 3.     Plaintiff Lacks Standing to Seek Injunctive Relief

12         Plaintiff also purports to seek injunctive relief, directing JBCC "to cease and

13   desist from engaging in the unfair, unlawful and/or fraudulent practices alleged in

14   the Complaint."  (Complaint, Prayer for Relief, ¶ 4).  To maintain standing to seek

15   injunctive relief, a plaintiff must demonstrate "a real and immediate threat of

16   repeated injury."  *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir.

17   2007); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006).  Here,

18   Ms. Gomez has apparently come to learn that ECJ is sugar, not juice, and therefore

19   will never be misled about that term in the future.

20         The Ninth Circuit has repeatedly found that a plaintiff lacks standing to seek

21   injunctive relief in a false advertising case if she is not at risk of being deceived in

22   the future.  *Luman v. Theismann*, 647 F. App'x 804, 807 (9th Cir. 2016) (affirming

23   dismissal of CLRA and FAL claims because plaintiff did not allege that she would

24   be injured by the allegedly deceptive advertisement in the future); *Perez v. Nidek*

25   *Co.*, 711 F.3d 1109, 1114 (9th Cir. 2013) (affirming dismissal of CLRA claim when

26   there was no allegation that plaintiff intended further use of service at issue).[7]

27   _____

28   [7] *See also Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1030 (N.D. Cal. 2016) ("Plaintiffs

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE

Sedgwick LLP

1  Moreover, "a plaintiff may not manufacture standing for injunctive relief simply by

2  expressing an intent to purchase the challenged product in the future." *Rahman v.*

3  *Mott's LLP*, No. 13-cv-3482 SI, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014).

4  Plaintiff fails to allege that she will ever purchase Sport Beans again, and

5  even if she did, she will always know what she now knows about ECJ. She lacks

6  standing, and her allegations about injunctive relief should be stricken.

7  **V.     CONCLUSION**

8  Plaintiff's Complaint has the look and feel of a form document to which

9  Plaintiff has merely loaned her name. If a real person named Jessica Gomez bought

10  Sport Beans because she was truly duped, this Complaint does not tell her story.

11  She has not stated a claim. Defendant respectfully requests that this Court grant its

12  motion.

13  DATED:  April 21, 2017

14                                  SEDGWICK LLP

15

16                                  By /s/ Anthony Anscombe
                                    ANTHONY J. ANSCOMBE
17                                  KAREN WOODWARD
                                    ALEXANDER A. GUNEY
18                                  Attorneys for Defendant
                                    JELLY BELLY CANDY COMPANY

19  _____

20  allege that they were 'induced' to purchase Starbucks lattes by Defendant's misrepresentations and
    omissions, and had they known that the lattes were underfilled, they would not have purchased
21  them on the same terms. Now they know. There is no danger that they will be misled in the
    future."); *Khasin v. R. C. Bigelow, Inc.*, No. 12-cv-02204 WHO, 2016 WL 1213767, at *5
22  (N.D. Cal. Mar. 29, 2016) (same); *McMillan v. Lowe's Home Centers, LLC*, No. 15-cv-00695
    DAD, 2016 WL 2346941, at *4 (E.D. Cal. May 4, 2016) (same); *Phillips v. Apple Inc.*, No. 15-cv-
23  04879 LHK, 2016 WL 1579693, at *9 (N.D. Cal. Apr. 19, 2016) ("[P]laintiffs who were induced
    into purchasing a product through deceptive advertising must allege intent to purchase the
24  deceptively-advertised product in the future in order to have standing to seek injunctive relief.");
    *Cover v. Windsor Surry Co.*, No. 14-cv-05262 WHO, 2016 WL 520991, at *12 (N.D. Cal. Feb. 10,
25  2016) (same); *In re: First Am. Home Buyers Prot. Corp. Class Action Litig.*, 313 F.R.D. 578, 612
26  (S.D. Cal. 2016) (same); *Makaeff v. Trump Univ., LLC*, 145 F. Supp. 3d 962 (S.D. Cal. 2015)
    (same); *Duran v. Hampton Creek*, No. 15-cv-05497 LB, 2016 WL 1191685, at *7 (N.D. Cal. Mar.
27  28, 2016) ("Given the allegations in this complaint, Mr. Duran will not be deceived again and thus
28  does not have standing to pursue injunctive relief in the form of a label change.").

84506232v3

-14-

DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE