APEX TRIAL LAW
A Professional Corporation
Thomas W. Kohler, Bar No. 312552
tkohler@apextrial.com
Ryan M. Ferrell, Bar No. 258037
rferrell@apextrial.com
4100 Newport Place Drive, Suite 800
Newport Beach, CA  92660
Tel: (949) 438-0033
Fax: (949) 299-0133

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA GOMEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JELLY BELLY CANDY COMPANY, and DOES 1-25, Inclusive,<br><br>Defendants. | Case No.: 5:17-cv-00575 (FFMx)<br><br>[Assigned to Judge Cormack J. Carney Courtroom 9B]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF UNDER THE FIRST AMENDED COMPLAINT**<br><br>**[Filed Concurrently with Plaintiff's Request for Judicial Notice]**<br><br>Date:  August 28, 2017<br>Time:  1:30 p.m.<br>Ctrm:  9B<br>Honorable Cormac J. Carney |

# I.  INTRODUCTION

Plaintiff Jessica Gomez ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant's Motion to Dismiss Plaintiff's Claims for Equitable Relief ("MTD 2").

Plaintiff brings a claim for Negligent Misrepresentation as well as claims for relief under the UCL, FAL, CLRA, on Defendant's alleged violations of the Sherman Law. The UCL prohibits business practices that are unlawful, unfair, or fraudulent. Where there are food packaging features that could likely deceive a reasonable consumer, the Ninth Circuit has found that granting a motion to dismiss is inappropriate. *Williams v. Gerber Prods. Co.,* 552 F.3d. 934, 939 (9th Cir. 2008).939.

# II.  FACTUAL AND PROCEDURAL HISTORY

The ingredient that Defendant denominate as "evaporated cane juice" is sugar. Plaintiff's First Ammended Complaint (FAC) at ¶¶ Introduction, 11. This ingredient falls within the FDA's broad definition of "sucrose" (21 C.F.R. § 184.1854) and is obtained by crystallization from sugar cane or sugar beet juice that has been extracted by pressing or diffusion, then clarified and evaporated. *Id*. at ¶ 17.  Under 21 C.F.R. § 101.4(b)(20), any ingredient that falls within this definition must be called "sugar."

Nevertheless, Defendant and other food manufacturers attempt to hide the presence of added sugar in products by referring to the sugar as "evaporated cane juice" in the list of ingredients on food labels. *Id.* at ¶¶ Introduction, 11, 13. The health risks of sugar are now well-known. Consumers seek to avoid foods with added sugar and look for "sugar" in ingredients lists. However, most consumers are unfamiliar with the term "evaporated cane juice" and do not know that it is sugar. *Id*. at ¶¶ Introduction, 21, 23. That is precisely why Defendant uses the term in ingredient lists. Defendant wants to increase sales by intentionally misleading consumers. *Id*. at ¶ 23. Reasonable consumers are misled by this deceptive term every day. *Id.* at ¶¶ 21, 22. Plaintiff was just such a consumer.

Plaintiff filed this action in the Superior Court for the County of San Bernardino

on February 22, 2017.  Defendant filed a Notice of Removal on March 24, 2017.  Dckt. 1.  Defendant filed a Motion to Dismiss on April 21, 2017. Dckt. 12.  Plaintiff filed her Opposition to the Motion to Dismiss and on June 8, 2017 this court dismissed the Complaint with leave to amend. Dckt. 17.  Plaintiff timely amended and, after meeting and conferring with plaintiff's counsel, Defendant brought this motion to dismiss the plaintiff's claims for equitable relief.

## III.  ARGUMENT

### A.  INTRODUCTION

In the First Amended Complaint, Plaintiff brings a claim for Negligent Misrepresentation as well as claims for relief under the UCL, FAL, CLRA.   The Defendant has not requested the dismissal of Plaintiffs claim for Negligent Misrepresentation and that claim must remain.

In summary, Defendant erroneously asserts that since a claim for monetary damages has been made under theories permitting such damages, theories which only permit equitable relief should be dismissed.  Rules 8(d)(2) and (3) of the Federal Rules of Civil Procedure allow a party to plead alternative claims, "regardless of consistency." Fed. R. Civ. P. 8(d)(3).   The defendant's authorities do not stand for the defendant's position, but courts repeatedly hold that a plaintiff may plead an unjust enrichment claim in the alternative to other claims. *See Prudential Ins. Co. v. Clark Consulting, Inc.,* 548 F. Supp. 2d 619 (N.D. Ill. 2008); *Rubberlite, Inc. v. Baychar Holdings, LLC*, 737 F. Supp. 2d 575, 584 (S.D. W.Va. 2010). *See also Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 827-28 (D. Minn. 2010) (denying Ford's motion to dismiss and permitting plaintiffs' simultaneous pleading of breach of warranty and unjust enrichment on grounds that, under Rule 8(d), a party is permitted to plead in the alternative).

### B. LEGAL STANDARD

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are disfavored. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). The issue on these motions is not whether the claimant will ultimately prevail, but whether the claimant is entitled to

offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Indeed, Fed. R. Civ. P. 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Ninth Circuit has determined that a Rule 12(b)(6) motion can be used to dismiss damages precluded as a matter of law. See *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). However, "a 12(b)(6) motion to dismiss **challenges the legal sufficiency of the pleadings not the appropriateness of the relief sought**." *U.S. v. Maricopa County Ariz.*, 915 F. Supp. 2d 1073, 1082 (Dist. of Ariz. 2012) (citing Fed. R. Civ. P. 12(b)(6)) and *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 353 (E.D.N.Y 2007)(emphasis added).

## C. ARGUMENT

**1. Plaintiff is properly seeking legal and equitable remedies[1] under the CLRA and there are no grounds to dismiss that count.**

California's Consumer Legal Remedies Act (CLRA) contemplates remedies at law and in equity.  Cal. Civ. Code §§ 1780.  Defendant recognizes that both money damages and equitable relief like restitution can be awarded under the CLRA in a footnote in their motion. MTD 2 at footnote 3. Defendant's argument for dismissal of the Plaintiff's CLRA count centers on the mistaken assumption that Plaintiff is only seeking "restitution, and restitutionary disgorgement of defendant ill-gotten gains." FAC at ¶ 57. This assumption ignores the Plaintiff's Prayer for Relief in which the plaintiff properly pleads for both restitution, equitable relief, and damages, a remedy at law.  FAC at Prayer

[1] There is no dispute that restitution is permitted under the UCL. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254 (1992).  This Opposition discusses restitution as the equitable remedy at issue because courts often treat unjust enrichment as a form of restituion. *See Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) (noting that "although labeled 'unjust enrichment,' the causes of action could be understood as claims for restitution" in the context of a claim under the UCL) (citations omitted).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF UNDER THE FIRST AMENDED COMPLAINT

1  For Relief.  Since both parties agree that the CLRA allows for damages as well as
2  equitable relief, and since Plaintiff has pled for both, the defendant's motion as to
3  Plaintiff's CLRA count should fail.

4      **2. Defendant misapplies *Schroeder v. United States*, confuses an adequate**
5      **remedy at law with a prayer for damages and misinterprets persuasive**
6      **district court decisions.**

7      Defendant relies on *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009)
8  for their assertion that "[e]quitable relief is not appropriate where an adequate remedy
9  exists at law."  What Defendant fails to do is give any context to this quote upon which
10 their claims for dismissal hang.  In *Schroeder*, the 9th Circuit Court of Appeals was
11 reviewing an Oregon District Court evaluation of a low-income housing loan contract
12 and the subsequent application of the ELIHPA to that contract. *Id*.  Schroeder benefited
13 from low interest rates and other subsides in exchange for providing and maintaining her
14 property as a low-income housing property until her government loan was fully repaid.
15 *Id*.  At some time after her loan contracts took effect the Government enacted the
16 ELIHPA to govern loan contracts for low-income housing. *Id*.  When the terms of one of
17 Schroeder's loans were satisfied, Schroeder attempted to pay of the balance of all her
18 loans. *Id*.  However, the ELIHPA had provisions for prepayment with which Schroeder
19 did not comply and the Government refused to accept her prepayment. *Id*.  She sued for
20 both damages and to quiet title to her properties and the District Court held that Schroeder
21 was entitled to damages for the ELIHPA's repudiation of her loan contracts which
22 preexisted the ELIPHA's enactment and the District Court declined to issue equitable
23 relief of quieting Schroeder's title.  Schroeder Appealed, and it is from the 9th Circuit's
24 affirmation of the District Court's **finding** of an adequate remedy at law that the
25 defendant bases their claim in this matter.  MTD 2 page 3 Lines 14-16.  The entirety of
26 the quote begun by defendant makes plain that *Schroeder* does not stand for the dismissal
27 of *claims* in in equity where there are *claims* at law, but rather that when there is a **finding**
28 that an adequate remedy at law exists, recovery in equity is inappropriate.

> "First, equitable relief is not appropriate where an adequate remedy exists at law. *Mort v. United States*, 86 F.3d 890, 892 (9th Cir.1996) ("`It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law. . . .'" (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992))). **Here, as the district court rightly determined, an adequate remedy exists. Therefore, Schroeder may seek compensation for that repudiation in the Court of Federal Claims under the Tucker Act**, 28 U.S.C. § 1491. See DBSI/TRI, 465 F.3d at 1041 & n. 8 ("[T]he Supreme Court noted the availability of a damages action under the Tucker Act to compensate owners for contracts breached because of ELIHPA. (citation omitted)"

*Id*. (emphasis added). In the case at bar, unlike in *Schroeder*, there has been no determination that an adequate remedy at law exists in Plaintiff's case against Defendant. Unless defendant is conceding damages under Plaintiff's negligent misrepresentation or CLRA claim and unless there is a finding that those damages are, in fact, an adequate remedy at law, there is, at this time no remedy and therefore no reason to preclude any of plaintiff's claims. Sadly, defendant is not conceding damages. See MTD 2 at footnote 2. Defendant clearly confuses a claim for relief with a valid award at law as was present in *Schroeder*. Plaintiff's plea for damages and restitution may ultimately prove to be cumulative or inconsistent and, if that is the case, such matters can be addressed at that time, but for now Rules 8(d)(2) and (3) of the Federal Rules of Civil Procedure allow a party to plead alternative claims, "regardless of consistency." Fed. R. Civ. P. 8(d)(3); *Oki America, Inc. v. Microtech, Int'l, Inc*., 872 F.2d 312, 314 (9th Cir. 1989); *In re Wal–Mart Wage and Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1117 (D. Nev. 2007); *Loop AI Labs Inc. v. Gatti*, No. 15-CV-00798-HSG, 2015 WL 5158639, at 7 (N.D. Cal. Sept. 2, 2015). It is also worth noting that none of Schroeder's claims were dismissed under Fed. R. Civ. P. 12(b)(6) because she was seeking damages **and** equitable relief.

In support of its misinterpretation of *Schroeder,* defendant claims that courts "routinely dismiss FAL, UCL, and claims for CLRA equitable relief, where the plaintiff can pursue damages for the same conduct." MTD 2 at page 4 lines 12-13. It offers

1    *Duttweiler v. Triumph Motorcycles (Am.) Ltd*., No. 14-cv-04809-HSG, 2015 U.S. Dist.

2    LEXIS 109805, at 27 (N.D. Cal. Aug. 19, 2015) as an example of said routine.  Attached

3    as Exhibit 1 is the Docket for *Duttweiler*.   There are several orders noted in the docket

4    but **none** of these are orders dismissing FAL, UCL or CLRA claims. See Exhibits 1, and

5    1a-1f.  The first order by the court was filed on 12/3/14 and that is an order reassigning

6    the case.  See Exhibit 1a.  The next order was filed on 12/8/14 and that is the order setting

7    the case management conference.  See Exhibit 1b.  There is an order on the Motion Pro

8    Hac Vice on 1/6/15.  There is an order extending deadlines filed on 2/20/15. See Exhibit

9    1c. On 4/29/15 there is an order referring the case to a magistrate judge for discovery

10   followed on 5/4/15 with a joint stipulated protective order.  See Exhibit 1d.  There is an

11   order on a motion to appear telephonically, an order regarding a discovery dispute (see

12   Exhibit 1e), and order on a motion to stay.  Finally, on 3/9/16 there is an order dismissing

13   the case.  This order was initiated by the stipulation of the parties after reaching an

14   individual settlement.  See Exhibit 1f.  The Court never ordered dismissal of the FAL,

15   UCL or CLRA claims in *Duttweiler*.  The routine dismissal of FAL, UCL and CLRA

16   claims is nonexistent.

17       What is routine, however, is California's permiting plaintiffs to pursue equitable

18   relief under the UCL and CLRA, as well as common law or statutory claims *See, e.g., In*

19   *re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 950 (N.D. Cal. 2014); *Aguilar v.*

20   *GM LLC*, 2013 WL5670888; *Belle v. Chrysler Group*, No. SACV 12-00936 JVS

21   (RNBx), 2013 WL 949484 (C.D. Cal. Jan. 29, 2013). In *Collins v. eMachines, Inc.* 202

22   Cal.App.4th 249 (2011), the California Court of Appeals permitted plaintiffs to pursue

23   claims under the UCL and CLRA, as well as a common law fraud claim stating, "In light

24   of the facts plaintiffs have alleged in their CLRA and UCL counts, they have also stated

25   a common law fraud count." *Id*. at 259.

26       In an attempt to further support their misinterpretation of *Schroeder*, Defendant

27   provides a list of various other Northern District trial court decisions.  MTD 2 page 4.

28   One of these nonbinding rulings is *Munning v. Gap, Inc*., No. 16-cv-03804-TEH, 2017

U.S. Dist. LEXIS 26459 (N.D. Cal. Feb. 24, 2017).  Defendant states that, in *Munning*, the court "dismissed with prejudice claims for restitution and injunctive relief under the UCL, FAL, and CLRA because the plaintiff's claim for damages provided an adequate remedy at law."  Actually, in *Munning* the CLRA claim was dismissed because the plaintiff's CLRA notice letter "failed to fully comply with the CLRA notice provisions" and that dismissal was without prejudice.  *Munning v. Gap, Inc*., No. 16-cv-03804-TEH, 2017 U.S. Dist. LEXIS 26459 at pages 9-10.  In *Munning*, the defendant's motion to dismiss the plaintiff's FAL claim was denied.  *Id*. at page 11 line 10.  In *Munning*, the defendant's motion to dismiss the plaintiff's UCL claim was also denied.  *Id.* at page 12, line 2.  In *Munning*, the defendant also sought to dismiss Plaintiff's claims for restitution and while the court did dismiss the claims for restitution *without prejudice*, it did so because "Plaintiff failed to respond to defendant's arguments."  *Id*. at page 21 line 19.  A copy of the full text of the decision is attached as Exhibit 2.  Simply put, *Munning* does not say what defense claims that it says and Munning offers no reasons to follow the defendnat's misunderstanding of *Schroeder* or dismiss Plaintiff's claims in this matter.

Permitting Plaintiffs to maintain both legal and equitable claims is consistent with the broad purposes of California's consumer protection statutes. *In re Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 154 (2010) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) and giving broad reading to the UCL). That Plaintiffs may ultimately be prevented from recovering under an equitable theory on the basis there is an "adequate remedy at law" is also beside the point at this stage in the litigation. *See Keilholtz v. Superior Fireplace Co.*, No. C 08-00836 CW, 2009 WL 839076, at 5 (N.D. Cal. Mar. 30, 2009) (denying motion to dismiss unjust enrichment claim and explaining that "it is inappropriate at this early stage in the litigation to determine whether other remedies available to Plaintiffs are adequate").

## IV.  CONCLUSION

For the reasons stated herein, the other papers on file in this matter, and such oral argument as shall be presented at the Motion hearing, Plaintiff respectfully requests that

1 | the Court deny Defendant's Motion in its entirety.

2 | Dated:  August 7, 2017                    APEX TRIAL LAW
                                              A Professional Corporation

3 |

4 |

5 |                                     By:/s/ Thomas W. Kohler
                                          Thomas W. Kohler
6 |                                       Attorney for Plaintiff and the Class

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR EQUITABLE
RELIEF UNDER THE FIRST AMENDED COMPLAINT

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on August 7, 2017, I electronically filed the foregoing

3 **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

4 **PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF UNDER THE FIRST**

5 **AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system

6 which will send notification of such filing via electronic mail to all counsel of record.

7

8                                          */s/Thomas W. Kohler*
                                           Thomas W.Kohler

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR EQUITABLE
RELIEF UNDER THE FIRST AMENDED COMPLAINT