UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

JESSICA GOMEZ,

    Plaintiff,

  v.

JELLY BELLY CANDY COMPANY and DOES 1 through 25, inclusive

    Defendants.

Case No.: EDCV 17-00575-CJC(FFM)

**ORDER GRANTING IN SUBSTANTIAL PART MOTION TO DISMISS**

    Plaintiff Jessica Gomez initiated this putative class action against Defendant Jelly Belly Candy Company and Does 1 through 25, inclusive, in San Bernardino Superior Court, alleging that the term "evaporated cane juice," as used in the list of ingredients in Defendant's Sports Beans product, misled her and other consumers about the basic nature of the product and its contents, as evaporated cane juice is not juice, but sugar. (*See*

*generally* Dkt. 1-1.) Defendant removed the action to this Court on March 24, 2017. (Dkt 1.) The Court then granted Defendant's first motion to dismiss on the grounds that the Complaint lacked sufficient factual allegations regarding Plaintiff's own experience with Sports Beans and failed to allege any facts establishing that she has Article III standing to pursue injunctive relief. (*See generally* Dkt. 17.) Plaintiff filed a First Amended Complaint ("FAC") on June 22, 2017, for negligent misrepresentation, violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Dkt. 19.)

Before the Court is Defendant's motion to dismiss Plaintiff's claims under the UCL, FAL, and CLRA with prejudice, because she "cannot state a claim for equitable relief where she has pled the existence of adequate remedies available at law" through her cause of action for negligent misrepresentation. (Dkt. 25-1 [Motion, hereinafter "Mot."] at 1.) Defendant's motion is GRANTED IN SUBSTANTIAL PART.[1]

"A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) (citing *Knox v. Phoenix Leasing, Inc.*, 29 Cal. App. 4th 1357, 1368 (1994)); *see also Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law.") For this reason, courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole. *See, e.g.*, *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, No. 14-CV-04809-HSG, 2015 WL

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 28, 2017, at 1:30 p.m. is hereby vacated and off calendar.

4941780, at *8 (N.D. Cal. Aug. 19, 2015); *Huu Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2017 WL 1330602, at *5 (N.D. Cal. Apr. 11, 2017); *see also Adams v. I-Flow Corp.*, No. CV09-09550 R SSX, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010) ("Injunctive relief under the Unfair Competition Law, however, is available only to plaintiffs who can establish that they have no adequate remedy at law for damages available to them."). Here, the FAC seeks both damages and equitable relief in the form of restitution. (*See* FAC ¶¶ 41, 56, 57, 68; *id.* at Prayer.) Apart from civil penalties which Plaintiff has not invoked, only equitable relief is available under the FAL and UCL. *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009). By contrast, both damages and equitable relief are available under the CLRA.[2] Cal. Civ. Code § 1780(a).

There is nothing in the FAC to suggest that monetary damages would not make Plaintiff or the putative class whole. The UCL, FAL, and CLRA claims are based on the exact same conduct as her negligent misrepresentation claim. (*See generally* FAC.) Furthermore, the only injury that Plaintiff alleges throughout the FAC is that she "lost money" because she purchased the product in reliance on Defendant's labeling and marketing. (*See id.* ¶¶ 43, 51, 59.) While Plaintiff correctly notes that there "has been no determination that an adequate remedy at law exists in Plaintiff's case against Defendant" thus far, (Dkt. 27 (Opposition) at 5), she has not even alleged facts that could support a future finding that monetary relief is insufficient to compensate her for the alleged harm. Therefore, she is not entitled to bring equitable claims, regardless of whether or not her negligent misrepresentation claim is ultimately successful. Plaintiff's claims under the UCL and FAL, and her claim under the CLRA to the extent it seeks equitable relief, must

---

[2] The parties appear to agree that the FAC seeks equitable relief under the CLRA because it states that Defendant was "unjustly enriched." (*See* Mot. at 3 n.3; Dkt. 27 [Opposition, hereinafter "Opp."] at 3–4; FAC ¶ 46.) However, they dispute whether the FAC also seeks damages under the CLRA, as there is no mention of damages under that particular cause of action, but the FAC's prayer for relief seeks damages. (Mot. at 3 n.3; Opp. at 3–4; FAC ¶¶ 42–49; *id.* at Prayer.) Since the CLRA claim does allege that Plaintiff has "lost money" and purchased the product in reliance on Defendant's labeling, it can be plausibly read as seeking damages.

be dismissed.[3]  However, Plaintiff's CLRA cause of action survives with regard to her claim for damages.

For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN SUBSTANTIAL PART.  Plaintiffs' UCL and FAL claims, and CLRA claims to the extent they are seeking equitable relief, are DISMISSED WITH PREJUDICE.

DATED:     August 18, 2017

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[3] Defendant asks the Court to require Plaintiff to reimburse it for the cost of preparing this motion, since the Opposition apparently shows that Plaintiff "never read or considered the authority submitted by [Defendant]" during their meet and confer efforts.  (Dkt. 28 (Reply) at 1.)  Defendant claims that if Plaintiff had done so, "her Opposition would not have informed the Court that a key decision [*Duttweiler*] does not exist," and she would not have attempted to distinguish a decision which was not actually cited by Defendant.  (*Id.*)  This request is DENIED.  Although the Court fully expects Plaintiff's counsel to be careful and thorough in any subsequent briefing, Defendant has not persuaded the Court that the errors in Plaintiff's brief warrant such a remedy, especially since her overall arguments, while unsuccessful, were not frivolous.